**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, <br><br> Plaintiff, <br><br> v. <br><br> RANDALL ARLETT; AMERICAN HOSPITAL MANAGEMENT COMPANY, LLC; AMERICAN HOSPITAL MANAGEMENT COPMANY 401(K) PROFIT SHARING PLAN, <br><br> Defendants. | Civil Action No. 17-2827 |

**COMPLAINT**

R. Alexander Acosta, Secretary of Labor, United States Department of Labor, hereby alleges:

**Jurisdiction and Venue**

1. This cause of action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and is brought by the Secretary under Sections 502(a)(2) and (5) of ERISA, 29 U.S.C. §§ 1132(a)(2) and (5), to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate relief for breaches of fiduciary duty under ERISA Section 409, 29 U.S.C. § 1109, and to obtain such other further relief as may be appropriate to redress violations and enforce the provisions of Title I of ERISA.

2. This Court has subject matter jurisdiction over this action pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3.     The American Hospital Management 401(k) Profit Sharing Plan (the "401(k) Plan" or the "Plan") is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is therefore subject to the coverage of the Act, pursuant to Section 4(a) of ERISA, 29 U.S.C. § 1003(a).  The Plan is administered in the District of Columbia.

4.     Venue with respect to this action lies in the District of Columbia, pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## The Parties

5.     The Secretary, pursuant to Sections 502(a)(2) and (5) of ERISA, 29 U.S.C. §§ 1132(a)(2) and (5), has the authority to enforce the provisions of Title I of ERISA by, among other means, the filing and prosecution of claims against fiduciaries and others who commit violations of ERISA.

6.     American Hospital Management, LLC ("AHM") is the Plan Sponsor and Plan Administrator of the Plan.  At all relevant times, AHM exercised discretionary authority or discretionary control respecting management of the Plan or exercised authority or control respecting management or disposition of the Plan's assets or had discretionary authority or discretionary responsibility in the administration of the Plan.  AHM is therefore a fiduciary of the Plan within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21), and a party-in-interest as that term is defined in Sections 3(14)(A) and (C) of ERISA, 29 U.S.C. §§ 1002(14)(A) and (C).

7.     At all relevant times, Randall Arlett ("Arlett") was President, Chief Executive Officer, and Chief Operating Officer of AHM and a trustee of the Plan.  At all relevant times, Arlett has exercised discretionary authority or discretionary control respecting management of

the Plan or has exercised authority or control respecting management or disposition of the Plan's assets or has discretionary authority or discretionary responsibility in the administration of the Plan. Arlett is therefore a fiduciary of the Plan within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21), and a party-in-interest as that term is defined in Sections 3(14) (A) and (H) of ERISA, 29 U.S.C. §§ 1002(14) (A) and (H).

8. The Plan is joined as a party defendant pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief can be granted.

**General Allegations**

9. AHM established the 401(k) Plan in 2012. The Plan permitted participants to contribute a portion of their pay to the Plan as elective salary deferrals ("employee contributions") through payroll deductions.

10. For payroll periods between September 2012 and September 2015 ("the relevant period"), AHM and Arlett deducted money from the participants' pay as employee contributions to the Plan. During the relevant period, AHM and Arlett failed to remit employee contributions and participant loan repayments to the Plan. In addition, AHM and Arlett remitted certain employee contributions late without interest.

11. Unremitted employee contributions and participant loan repayments are assets of the Plan within the meaning of ERISA. Defendants AHM and Arlett failed to segregate the Plan assets from the general assets of AHM.

12. Arlett failed to ensure that the Plan assets described in paragraph 11, *supra*, were collected by the Plan.

13. Since at least April 2016, AHM has not taken fiduciary responsibility for the operation and administration of the Plan and its assets, nor has AHM appointed anyone to assume said responsibility.

14. Under the terms of the Plan, Plan participants are entitled to distribution of their vested account upon termination of their employment.

15. A Plan participant whose employment terminated in November 2015 was unable to obtain a distribution from the Plan because Arlett did not respond to requests for a distribution and AHM has not initiated termination of the Plan and distribution of the assets.

16. AHM and Arlett participated knowingly in acts or omissions by each other that they knew to be violations of ERISA.

17. AHM and Arlett failed to comply with the Section 404(a)(1) of ERISA in the administration of their specific fiduciary responsibility and each enabled the other to commit breaches of ERISA.

18. Arlett knew that AHM had violated ERISA, but did not make reasonable efforts under the circumstances to remedy the breaches.

## Violations

19. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Secretary adopts by reference the averments and allegations of paragraphs 1-18 inclusive.

20. By the actions and conduct described in paragraphs 1-18, defendants AHM and Arlett, as fiduciaries of the Plan:

    a. failed to ensure that all assets of the Plan were held in trust by one or more trustees, in violation of Section 403(a) of ERISA, 29 U.S.C. § 1103(a);

b. failed to ensure that the assets of the Plan did not inure to the benefit of the company in violation of Section 403(c)(1) of ERISA, 29 U.S.C. § 1103(c)(1);

c. failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the Plan, in violation of Section 404(a)(1)(A) of ERISA, 29 U.S.C. § 1104(a)(1)(A);

d. failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of Section 404(a)(1)(B) of ERISA, 29 U.S.C. § 1104(a)(1)(B);

e. caused the Plan to engage in transactions which they knew or should have known constituted the direct or indirect transfer of Plan assets to, or use of Plan assets by or for the benefit of a party-in-interest, in violation of Section 406(a)(1)(D) of ERISA, 29 U.S.C. § 1106(a)(1)(D); and

f. dealt with assets of the Plan in their own interest or for their own account, in violation of Section 406(b)(1) of ERISA, 29 U.S.C. § 1106(b) (1).

21. By participating knowingly in the fiduciary breaches of one another, knowing such acts or omissions to be breaches of fiduciary duty, AHM and Arlett are each liable for the other's breaches of fiduciary responsibility, pursuant to Section 405(a)(1) of ERISA, 29 U.S.C. § 1105(a)(1).

22. By failing to comply with the Section 404(a)(1) of ERISA in the administration of their specific fiduciary responsibility and each thereby enabling the other to commit a breach of ERISA, AHM and Arlett are liable for each other's breaches of fiduciary responsibility, pursuant to Section 405(a)(2) of ERISA, 29 U.S.C. § 1105(a)(2).

23. AHM and Arlett, as fiduciaries of the Plan, by failing to make reasonable efforts under the circumstances to remedy the breaches of which they had knowledge, are each liable for the other's fiduciary breaches, pursuant to Section 405(a) (3) of ERISA, 29 U.S.C. § 1105(a)(3).

**Prayer for Relief**

21. WHEREFORE, the Secretary prays that this Court issue an order:

   a. Ordering the defendants to restore to the Plan all losses, including interest or lost opportunity costs and the costs of the independent fiduciary, which were caused by their fiduciary misconduct;

   b. Requiring the Plan to set off any individual account balance of Arlett against the amount of losses, including interest or lost opportunity costs and the costs of the independent fiduciary, resulting from the fiduciary breaches of AHM and Arlett, as authorized by 29 U.S.C. § 1056(d)(4), and reallocate it to the non-breaching participants, if the losses are not otherwise restored to the Plan by defendants;

c. Removing AHM and Arlett as fiduciaries of the Plan and of any employee benefit plan for which they act as fiduciaries;

d. Permanently enjoining AHM and Arlett from acting directly or indirectly, in any fiduciary capacity, with respect to any employee benefit plan subject to ERISA;

e. Permanently enjoining AHM and Arlett from exercising any custody, control, or decision making authority with respect to the assets of any employee benefit plan covered by ERISA;

f. Appointing an independent fiduciary with plenary authority and control with respect to the management and administration of the Plan, including the authority to marshal assets on behalf of the Plan, to pursue claims on behalf of the Plan, and to take all appropriate action for the termination of the Plan and the distribution of benefits to the Plan's participants and beneficiaries, with all costs to be borne by the defendants;

g. Ordering the defendants, their agents, employees, service providers, banks, accountants, and attorneys to provide the Secretary and the independent fiduciary with all of the books, documents, and records relating to the finances and administration of the Plan, and to make an accounting to the Secretary and to the independent fiduciary of all contributions to the Plan and all transfers, payments, or expenses incurred or paid in connection with the Plan;

h. Awarding plaintiff, Secretary of Labor, the costs of this action; and

      i.   Awarding such other relief as is equitable and just.

Respectfully Submitted,

Post Office Address:

Nicholas C. Geale
Acting Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor
Office of the Solicitor
U. S. Department of Labor
Suite 630E, The Curtis Center
170 S. Independence Mall West
Philadelphia, PA 19106-3306
(215) 861-5129
(215) 861-5162 (fax)
greenwald.jordana@dol.gov

Oscar L. Hampton III
Regional Solicitor

Jodeen M. Hobbs
Regional Counsel for ERISA

/s/ *Jordana L. Greenwald*
Jordana L. Greenwald
Attorney

Date:   December 29, 2017

U.S. DEPARTMENT OF LABOR