| | | |
|---|---|---|
| R. ALEXANDER ACOSTA, | : | |
| *U.S. Secretary of Labor*, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: 17-2827 |
| | : | |
| v. | : | Re Document No.: 12 |
| | : | |
| RANDALL ARLETT, *et al.* | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

### GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

## I. INTRODUCTION

Plaintiff Alexander Acosta, the United States Secretary of Labor, filed suit against

Defendants Randall Arlett; American Hospital Management Company, LLC ("AHM"); and

American Hospital Management Company 401(k) Profit Sharing Plan (the "Plan")[1] for failure to

remit employee participant contributions to the Plan and for remitting certain contributions late,

in violation of multiple provisions of the Employee Retirement Income Security Act of 1974

("ERISA"). *See* Compl., ECF No. 1. Defendants have failed to respond to this action. Now

before the Court is Secretary Acosta's motion for default judgment, which asks the Court to enter

judgment for $128,317.96 in damages and requests various equitable remedies. *See id*. ¶¶ 6–8;

Pl.'s Mem. Supp. Mot. Def. J. ("Pl.'s Mem") at 8–12, ECF No. 12-2. For the reasons set forth

below, the Court grants Secretary Acosta's motion.

---

[1] Secretary Acosta added the Plan as a party defendant pursuant to Federal Rule of Civil
Procedure 19(a) to assure that the Court may grant complete relief. Compl. ¶ 8.

## II. FACTUAL BACKGROUND

Mr. Arlett and AHM are fiduciaries of the Plan as those terms are defined under ERISA. *See* Compl. ¶¶ 6–7 (citing 29 U.S.C. § 1002(21)). Mr. Arlett and AHM established the Plan to provide retirement benefits to AHM's participating employees. *See* Declaration of William Jurgovan ("Jurgovan Decl.") ¶ 3, Ex. A, ECF No. 12-2. The Plan allowed participants to contribute a portion of their pay to the Plan as elective salary deferrals, or employee contributions, through payroll deductions. Compl. ¶ 9.

On December 29, 2017, Secretary Acosta filed suit alleging that Defendants had failed to remit employee contributions and had remitted certain contributions late without interest from September 2012 to September 2015. *Id.* ¶ 10. Secretary Acosta also alleges that, since April 2016, Defendants have neglected their fiduciary duty to administer the Plan and its assets, failed to respond to requests of former employees to distribute the Plan's assets, and failed to make reasonable efforts to remedy their fiduciary breaches. *Id.* ¶¶ 13–18. Secretary Acosta asks the Court to award damages in the amount of $128,317.96 for unremitted contributions and interest owed on unpaid and late contributions. *Id.* ¶ 21; Pl.'s Mem. At 2. He also seeks various equitable remedies. Compl. ¶ 21.

Secretary Acosta served all Defendants with the complaint and summons, but neither Defendant responded or otherwise defended this action. *See* Return of Service, ECF No. 4, 8. Accordingly, Secretary Acosta asked the Clerk of Court to enter default against all Defendants. *See* Request to Enter Default on Def. Arlett, ECF No. 5.; Request to Enter Default on Defs. AHM and the Plan, ECF No. 9. The Clerk of Court entered default against all Defendants, and Secretary Acosta now moves for default judgment. *See* Arlett Default, ECF No. 7; AHM & Plan Default, ECF No. 10; Pl.'s Mot. Default J., ECF No. 12. The Court now addresses Secretary

Acosta's motion and concludes that he is entitled to a monetary judgment of $128,317.96 and to most of his requests for equitable relief.

### III. LEGAL STANDARD

While courts prefer to resolve disputes on their merits, a default judgment is appropriate when the adversarial process has been effectively halted by a party's failure to respond. *Jackson v. Beech,* 636 F.2d 831, 836 (D.C. Cir. 1980). Federal Rule of Civil Procedure 55 sets forth a two-step process for the entry of a default judgment. First, the clerk of the court must enter default. *See* Fed. R. Civ. P. 55(b)(2). Following the clerk's entry of default, the plaintiff may move for a default judgment. *Id.* When ruling on such a motion, a defendant's liability for the well-pleaded allegations of the complaint is established by the default. *See Adkins v. Teseo,* 180 F. Supp. 2d 15, 17 (D.D.C. 2001). Default does not, however, establish the amount of damages owed. *See id.* Instead, the court must ascertain the sum to be awarded, which may be based on the plaintiff's affidavits and other documentary evidence. *See Nat'l Shopmen Pension Fund v. Russell,* 283 F.R.D. 16, 19–20 (D.D.C. 2012). A court has "considerable latitude in determining the amount of damages." *Ventura v. L.A. Howard Constr. Co.*, 134 F. Supp. 3d 99, 103 (D.D.C. 2015). In ERISA actions involving delinquent employee contributions, plaintiffs may recover damages for: (1) the unpaid contributions, *see* 29 U.S.C. § 1132(g)(2)(A); (2) interest on those unpaid contributions, *id.* § 1132(g)(2)(B); (3) an amount equal to the greater of (i) interest on the unpaid contributions or (ii) liquidated damages provided for under the plan, which must not exceed 20 percent of the unpaid contributions, *id.* § 1132(g)(2)(C); (4) reasonable attorneys' fees and costs, *id.* § 1132(g)(2)(D); and (5) other legal or equitable relief the court deems appropriate, *id.* § 1132(g)(2)(E).

## IV.  ANALYSIS

### A.  Liability

The Court first addresses Defendants' liability in the present action.  Secretary Acosta

filed his complaint on December 29, 2017.  S*ee* Compl., ECF No. 1.  He then served Mr. Arlett

on February 10, 2018, and served AHM and the Plan on March 9, 2018.  *See* Return of Service,

ECF Nos. 4, 8.  On March 12, 2018, Secretary Acosta requested an entry of default on Mr. Arlett

on the ground that he had not timely filed an answer to the complaint.  *See* Request to Enter

Default on Def. Arlett, ECF No. 5.  The Clerk of Court thereby entered the default on March 13,

2018.  *See* Arlett Default, ECF No. 7.  Secretary Acosta subsequently requested a default entry

on both AHM and the Plan on the same grounds, *see* Request to Enter Default on Defs. AHM

and the Plan, ECF No. 9, and the Clerk of Court entered the default on April 6, 2018.  *See* AHM

& Plan Default, ECF No. 10.  On June 8, 2018, Secretary Acosta moved for default judgment,

and sent Defendants copies of the motion by first class mail.  *See* Pl.'s Mot. Default J., ECF No.

12; Certificate of Service, ECF No. 12-3.  To date, Defendants have not filed an answer, moved

to vacate the default entries, opposed the motion, or otherwise defended this action.

Defendants are liable for the well-pleaded allegations in Secretary Acosta's complaint

because the Clerk has entered default.  *See Flynn v. Mastro Masonry Contractors*, 237 F. Supp.

2d 66, 69 (D.D.C. 2002) (asserting that default entry establishes liability for every well-pleaded

allegation in the complaint).  "ERISA requires that '[e]very employer who is obligated to make

contributions to a multiemployer plan . . . make such contributions in accordance with the terms

and conditions of such plan or such agreement.'"  *Flynn v. Extreme Granite, Inc.*, 671 F. Supp.

2d 157, 161 (D.D.C. 2009) (quoting 29 U.S.C. § 1145) (alteration in original).  Secretary Acosta

alleges that Mr. Arlett and AHM breached their fiduciary duties because they "deducted money

from the participants' pay as employee contributions to the Plan," but "failed to remit those contributions to the Plan," and remitted certain contributions late without interest. Compl. ¶ 10. Further, Secretary Acosta contends that, despite a former employee's requests for distribution from the Plan, Mr. Arlett has failed to respond, and AHM has yet to initiate "termination of the Plan and distribution of the assets." *Id.* ¶ 15. The Court deems these well-pleaded allegations admitted and must now determine the appropriate relief.

## B. Damages

The Court next addresses Secretary Acosta's request for damages in the amount of $128,317.96 for unremitted Plan contributions and interest. *See* Pl.'s Mem. Supp. Mot. Def. J. ("Pl.'s Mem") at 2, ECF No. 12-2. Secretary Acosta supports his motion for default judgment and, specifically, his request for monetary damages, with a sworn statement by William Jurgovan, Senior Investigator with the Washington District Office of the Employee Benefits Security Administration ("EBSA"), which summarizes Defendants' ERISA violations and Mr. Jurgovan's calculation of the damages sought. *See* Jurgovan Decl. Mr. Jurgovan explains that he "derived all amounts due to the Plan from payroll records reflecting participants' salary deferrals for all months during the period from September 2012 through and including September 2015." *Id.* ¶ 3. Through his investigation, Mr. Jurgovan concluded that AHM and Mr. Arlett deferred $154,013.01 in elective employee contributions to the Plan, but only remitted $45,551.18 to the Plan and did so belatedly and without interest. *Id.* Mr. Jurgovan further concluded that AHM and Mr. Arlett failed to "ensure that the outstanding $108,461.83 was remitted as required." *Id.*

Mr. Jurgovan also determined that AHM and Mr. Arlett "failed to pay interest on the untimely employee contributions" and calculated the interest owed in accordance with 29 U.S.C.

§ 1132(g)(2)(C)(i). *Id.* He established that AHM and Mr. Arlett owe $19,856.13 in interest apart from the unremitted $108,461.83. *Id.* The Court finds that Mr. Jurgovan's summary of his calculations supports Secretary Acosta's request for monetary damages. *See*, *e.g.*, *Teamsters Local 639-Emplrs. Health Tr. v. Boiler & Furnace Cleaners, Inc.*, 571 F. Supp. 2d 101, 108 (D.D.C. 2008) (concluding that plaintiffs' request for damages was sufficiently supported by assistant accounting manager's affidavit outlining calculation of losses). Accordingly, pursuant to 29 U.S.C. § 1132(g)(2), the Court grants Secretary Acosta's request for monetary damages of in the amount of $128,317.96.

## C. Attorney's Fees and Costs

Secretary Acosta also requests that the Court grant him the costs of the present action. Compl. at 7; Pl.'s Mem. at 12. The Court is obligated to exercise discretion in awarding attorney's fees and costs when cases are resolved by default judgment. *Boland v. Yoccabel Constr. Co.*, 293 F.R.D. 13, 20 (D.D.C. 2013). Here, Secretary Acosta provides the Court no basis for calculating the costs incurred in this matter. Accordingly, the Court denies Secretary Acosta's request without prejudice. *See Greene v. Brown*, 104 F. Supp. 3d 12, 22 (D.D.C. 2015) (denying plaintiff's request for attorney's fees without prejudice because attorney's declaration did not itemize "the activities in which each attorney engaged on [plaintiff's] behalf"). However, Secretary Acosta may provide the Court with an accounting of his costs and renew his request. *See Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 58 (D.D.C. 2008) (awarding attorney's fees because plaintiff provided attorney's declaration outlining costs incurred); *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co.*, 239 F. Supp. 2d 26, 32 (D.D.C. 2002) (same).

**D. Equitable Relief**

Lastly, the Court addresses Secretary Acosta's request for equitable relief. ERISA

permits a court to award "other legal or equitable relief as [it] deems appropriate." 29 U.S.C. §

1132(g)(2)(E). Here, Secretary Acosta asks this Court to order the following: (1) Defendants'

removal as fiduciaries to the Plan; (2) Defendants' preclusion from serving as fiduciaries or

exercising any custody, control, or decision-making authority with respect to any ERISA-

covered benefit plans in the future; (3) appointment of an independent fiduciary to effectuate the

termination and distribution of the Plan's assets; (4) Defendants' payment of the costs of the

independent fiduciary; (5) that Defendants provide Secretary Acosta and the independent

fiduciary (a) "all books, documents, and records relating to the finances and administration of the

Plan," and (b) "an accounting of all contributions to the Plan, including transfers, payments, or

expenses incurred;" (6) Defendants' preclusion "from engaging in any future violations of

ERISA." Mem. Supp. Pl.'s Mot. Default J. ("Pl.'s Mem.") at 9–11, ECF No. 12-2.

"Injunctive relief is appropriate when 'the defendant has demonstrated no willingness to

comply with either its contractual or statutory obligations or to participate in the judicial process

. . . .'" *Boland,* 293 F.R.D. at 20 (quoting *Carpenters Labor-Mgmt. Pension Fund v. Freeman-

Carder LLC*, 498 F. Supp. 2d 237, 242 (D.D.C. 2007)). Defendants have failed to comply with

their obligations under ERISA—as established by the Clerk's entry of default—and have failed

to participate in the judicial process in this case. *See supra* IV.A. The Court finds injunctive

relief appropriate because Defendants breached their fiduciary duties and because they continue

"to refuse to actively administer the fund, leaving the Plan's assets inaccessible to their owners."

*Perez v. Sajovic*, No. 14 CV 1922 (NGG)(RML), 2014 U.S. Dist. LEXIS 171185, at *7

(E.D.N.Y. Oct. 20, 2014); *see* Jurgovan Decl. ¶ 3 (stating that Defendants "have not taken any

steps to terminate the plan and distribute [its] assets"); Compl. ¶ 15 (alleging that Defendants

have failed to respond to a former employee's request to distribute her contributions to the Plan).

The Court grants Secretary Acosta's request to remove Defendants as fiduciaries to the Plan and

to permanently enjoin them from serving as fiduciaries or exercising any custody, control, or

decision-making authority with respect to ERISA-covered benefit plans in the future.  *See* 29

U.S.C. § 1109 (providing for removal of fiduciary as remedy for breach of ERISA obligations);

*Perez*, 2014 LEXIS 171185, at *7 (removing and permanently enjoining defendant from "serving

as a fiduciary or service provider to any employee benefit plan" because he violated several

provisions of ERISA and did not cooperate with judicial process); *Solis v. Smart Tech., Inc.*, No.

1:12-cv-284 (TSE/IDD), 2012 U.S. Dist. LEXIS 147420, at *11–13 (E.D. Va. Aug. 27, 2012)

(same).

The Court also grants Secretary Acosta's request for an order requiring Defendants to

produce all documents relating to the management of the Plan.  *See*, *e.g.*, *Int'l Painters & Allied*

*Trades Indus. Pension Fund*, 239 F. Supp. 2d at 33 (ordering defendant to produce "all records

and books" relating to delinquent contributions owed to the pension plan).  Moreover, the Court

appoints AMI Benefit Plan Administrators, Inc. to administer and terminate the Plan and

distribute its assets to its participants, and orders Defendants to pay for those services per

Secretary Acosta's request.[2]  *See*, *e.g.*, *Solis v. Bosniak*, No. CV 12-1621 (ADS)(ARL), 2013

---

[2] As Secretary Acosta also requests, *see* Proposed Order ¶¶ 4–7, ECF No. 12-1, any funds held in Mr. Arlett's Plan account are hereby forfeited to the extent that there are insufficient funds available to reimburse the Plan participants and to pay the costs and expenses of AMI.  Consistent with 29 U.S.C. § 1056(d)(4), no amount of the restitution shall be redistributed to Mr. Arlett's individual Plan balance, other than what would be required to satisfy any right of Mr. Arlett's spouse, until the amounts due to the other Plan participants, and the costs and expenses of AMI have been paid in full.  Mr. Arlett's spouse retains any right she may have to receive the survivor annuity under 29 U.S.C. § 1055(a), unless she waives those rights pursuant to 29 U.S.C. § 1056(d)(4)(C).

U.S. Dist. LEXIS 111382, at *9 (E.D.N.Y. May 8, 2013) ("[T]he Secretary has standing to seek and the court has the power to grant appropriate equitable relief under [ERISA], including the appointment of an independent fiduciary."). However, the Court denies Secretary Acosta's request to permanently enjoin Defendants from violating ERISA in the future because such a request is overbroad and would invite unwarranted contempt proceedings. *See*, *e.g.*, *Perez v. Stratton*, No. 14-cv-95-wmc, 2015 U.S. Dist. LEXIS 90319, at *8–9 (W.D. Wis. July 13, 2015) (denying plaintiff's request to permanently enjoin defendant from violating Title I of ERISA for overbreadth and because "[i]njunctions that merely instruct the enjoined party not to violate a statute" increase the likelihood of unwarranted contempt proceedings).

## V.  CONCLUSION

For the foregoing reasons, Secretary Acosta's motion for default judgment is **GRANTED**.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  August 2, 2018                                            RUDOLPH CONTRERAS
                                                                               United States District Judge